UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH KENDELL ZURITA NAVARRO,<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-05661-DAD-SCR (HC)<br><br><u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PENDING MOTIONS AS MOOT</u><br><br>(Doc. Nos. 3, 8) |

On July 20, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement (“ICE”). (Doc. No. 1.) On August 3, 2026, petitioner filed a motion for temporary restraining order seeking his immediate release. (Doc. No. 8.) On August 3, 2026, the court set a briefing schedule and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several prior cases that this court has decided. (Doc. No. 9.)

On July 10, 2026, respondent filed its opposition to the pending motion for temporary restraining order. (Doc. No. 10.) Respondent maintains that petitioner is subject to detention pursuant to 8 U.S.C. § 1225(b)(2)(A) but acknowledges that recent binding authority from the Ninth Circuit compels the finding that 8 U.S.C. § 1226(a) governs the detention of petitioner. (*Id.*

at 1.) Respondent also states that it does not oppose the court ruling directly on the underlying petition in this order. (*Id.* at 2.)

Based upon a review of the parties' submissions, the court finds the following facts. On or around January 6, 2023, petitioner entered the United States without inspection. (*Id.* at 5.) Although it is not clear from the briefing whether petitioner encountered immigration authorities, on March 8, 2024, petitioner filed a subsequently approved application for employment authorization. (*Id.* at 7.) On May 24, 2026, petitioner encountered immigration authorities following his arrest by state law enforcement authorities. (*Id.*) On June 3, 2026, petitioner was detained by immigration authorities. (*Id.* at 7–8.)

Respondent argues that petitioner should only be provided with a "custody redetermination hearing before an immigration judge" rather than an order requiring his immediate release because that is the process available under 8 U.S.C. § 1226(a).[1] (Doc. No. 10 at 1.) One district court has recently explained the process available under § 1226(a) as follows:

> Section 1226(a) and its regulations guarantee noncitizens detained under that provision multiple levels of "substantial procedural protections" against the erroneous deprivation of their liberty. These protections include, *inter alia*, the requirement that a noncitizen cannot be arrested without an administrative warrant or detained without notice of the basis for their detention through a notice to appear, both of which must be signed and served by designated immigration officers; the requirement that an ICE officer with designated authority conduct an initial custody determination at the outset of detention, wherein the noncitizen has an opportunity to "demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen is likely to appear for any future proceeding"; and the right to seek

[1] Respondent states that petitioner was originally detained pursuant to 8 U.S.C. § 1225(b)(2)(A) but is now properly detained pursuant to 8 U.S.C. § 1226(a). (Doc. No. 10 at 1.) Although the court does not address this apparent shift in litigation position by respondent in this order, the court is concerned by respondent's apparent *post hoc* justification of petitioner's detention. *See Garro Pinchi v. Noem*, 813 F. Supp. 3d 973, 1028 (N.D. Cal. 2025) ("As an initial matter, 'courts may not accept . . . *post hoc* rationalizations for agency action.'") (quoting *Or. Nat. Desert Ass'n v. Bureau of Land Mgmt.*, 625 F.3d 1092, 1120 (9th Cir. 2010)); *see also Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) ("The Court cannot credit Respondents' new position as to the basis for Mr. Lopez Benitez's detention, which was adopted *post hoc* and raised for the first time in this litigation."); *Alberto v. Mattos*, No. 2:26-cv-01441-RFB-BNW, 2026 WL 1847394, at *7 (D. Nev. June 26, 2026) ("The Court will not bless Federal Respondents' 'detain first, justify later' approach to Petitioner's liberty, which mangles § 1226(a)'s regulatory framework and due process.").

> review of an ICE officer's initial custody determination through a prompt bond hearing before an immigration judge ("IJ") based on individualized evidence, wherein the IJ will order release on bond if the noncitizen establishes that they are not "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk."

*Garcia-Maya v. Blanche*, No. 2:26-cv-01513-RFB-BNW, 2026 WL 1965886, at *5 (D. Nev. July 7, 2026) (internal citations omitted) (quoting *Jacobo-Ramirez v. Mullin*, — F. Supp. 3d —, 2026 WL 879799 (D. Nev. 2026)). Although the unauthenticated I-213 Form related to respondent's initial encounter with petitioner indicates that he "is being issued a (I-862/I-200) Notice To Appear/Warrant of Arrest[,]" respondent fails to provide either the notice to appear nor a warrant of arrest. (Doc. No. 10 at 8.) Moreover, it is entirely unclear whether petitioner was provided with an initial custody determination by an immigration officer where petitioner had the opportunity to demonstrate that his release would not pose a danger or flight risk. Even if such custody determination occurred, there is no indication on what basis the immigration officer determined custody was appropriate or whether petitioner was provided notice of the basis for his detention.

The court observes that each of these failures independently fails to provide the process due under 8 U.S.C. § 1226(a) and accordingly would serve as a basis for an order requiring the release of petitioner. This is because failure to "comply with the express terms of [§] 1226 when [respondent] detained petitioner" prevents the court from concluding that petitioner is properly "detained on that basis." *J.A.C.P. v. Wofford*, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *see also Loaeza v. Bausch*, No. 26-cv-00945-MAV, 2026 WL 2150155, at *2 (W.D.N.Y. July 27, 2026) (finding that because removal proceedings were not pending against the petitioner at the time of his detention, the respondents "had no statutory authority to make the arrest or detain him" and accordingly release was required even if removal proceedings had subsequently been opened). In other words, failure to comply with the procedures set forth by 8 U.S.C. § 1226(a) and its implementing regulations during a petitioner's initial detention renders that detention unlawful and that unlawfulness cannot be cured through belated compliance with statutory requirements. *See J.T.G. v. Genalo*, No. 26-cv-04521-AT,

2026 WL 1724325, at *4 (S.D.N.Y. June 15, 2026) (finding that procedural due process requires compliance with 8 U.S.C. § 1226(a) when detaining the petitioner under that authority and that detention which was "unlawful from the outset" due to the failure to perform an initial custody determination cannot be cured by a belated custody determination).

Moreover, courts have found each of the following violations of the requirements of 8 U.S.C. § 1226(a) to provide a sufficient basis mandating a petitioner's release: (1) failure to arrest following or contemporaneously with the issuance of a warrant pursuant to § 1226(a), *J.A.C.P.*, 2025 WL 3013328, at *8; (2) failure to issue a Notice to Appear charging the petitioner as inadmissible prior to, or contemporaneously with, the detention of the petitioner, *Loaeza*, 2026 WL 2150155, at *1–2 ("In other words, without a valid NTA in place, removal proceedings are not pending, and Respondents have no authority to make an arrest or effectuate detention pursuant to § 1226(a)."); (3) failure to provide the petitioner with an initial custody determination either prior to or contemporaneously with detention, *Gopie v. Lyons*, No. 25-cv-05229-SJB, 2025 WL 3167130, at *3 (E.D.N.Y. Nov. 13, 2025) ("By not making a prior or contemporaneous determination of custody, ICE failed to provide pre-deprivation process required in this setting. . . . ICE Does not have free-ranging ability to arrest and detain people, and figure out the reasons later, like they apparently did here."); (4) failure to provide the petitioner an opportunity to demonstrate to the immigration officer that release would not pose a danger to property or persons and that the petitioner is likely to appear for future proceedings, *Terrero v. Tsoukaris*, No. 26-cv-00869-NCM, 2026 WL 607917, at *3 (E.D.N.Y. Mar. 4, 2026) ("Custody determinations made under § 1226(a) without any opportunity for the detainee to demonstrate his suitability for release are not lawful even if they were based on information particular to the detainee."); and (5) failure to provide the petitioner with the basis for the petitioner's continued detention, *Quijay Garcia v. Mattos*, No. 2:26-cv-01205-RFB-BNW, 2026 WL 1972386, at *5–8 (D. Nev. July 8, 2026) ("Under the government's current procedures, however, because Petitioner was not afforded an initial custody determination, the subsequent bond hearing he was provided required to *guess* the basis for ICE's determination that he is dangerous or a flight risk and then disprove it. . . . Thus, a post-deprivation bond hearing before an IJ is structurally inadequate to cure the

risk of erroneous deprivation created by the lack of pre-deprivation process under the government's current procedures.").

Here, respondent apparently concedes that petitioner was being detained on the basis of 8 U.S.C. § 1225(b)(2)(A), from which the court reasonably infers that petitioner was not provided with the pre-deprivation process required under § 1226(a). (Doc. No. 10 at 1.) Moreover, even crediting the I-213's vague statements regarding the issuance of a notice to appear and warrant (*id.* at 8), there is no evidence that respondent conducted an initial custody determination, that petitioner was ever provided an opportunity to demonstrate that he would not pose a risk of flight or danger to the community to an immigration officer, or that petitioner was provided with the basis for his ongoing detention. Therefore, the court finds that respondent did not comply with the requirements of 8 U.S.C. § 1226(a) in its initial detention of petitioner. Accordingly, the court concludes that petitioner's initial detention was unlawful and that the appropriate remedy here is an order requiring petitioner's immediate release.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
   a. Respondent is ORDERED to immediately release petitioner Joseph Kendell Zurita Navarro, A-File No. 233-253-984, from respondent's custody on the conditions, if any, he was subject to prior to his detention on June 3, 2026;
   b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;
2. Petitioner's motions for appointment of counsel and for a temporary restraining order (Doc. Nos. 3, 8) are DENIED as having been rendered moot by this order granting habeas relief;

3. The Clerk of the Court is directed to serve a copy of this order on the Central Valley Annex Detention Facility; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **August 9, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE